**Motion Granted in Part; Order filed May 22, 2014**



In The

# Fourteenth Court of Appeals

_____

NO. 14-14-00080-CV
_____

**WILMA REYNOLDS, Appellant**

**V.**

**DAVID REYNOLDS, Appellee**

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 48170-K**

---

## ORDER

Appellant filed a motion seeking supplementation of the clerk's record. It appears that documents requested by appellant to be included in a supplemental clerk's record may have been destroyed. Rule 34.5(e) of the Texas Rules of Appellate Procedure provides that if a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, "the trial court must—on any party's

motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement." Tex. R. App. P. 34.5(e).

On April 3, 2014, this court directed the Brazoria County District Clerk to file **under seal** a supplemental clerk's record containing certain documents submitted to the trial court *in camera*. In the event the items were not part of the case file, the order directed the District Clerk to file a certified statement that the omitted items were not part of the case file. The Brazoria County District Clerk complied with our order. On April 29, 2014, the clerk filed a supplemental clerk's record with one of the documents requested and filed certified statements that the remaining documents were not part of the case file.

However, on May 2, 2014, appellant filed a motion seeking a supplemental clerk's record containing the missing documents. In the alternative, appellant asks this court to order a hearing pursuant to Texas Rule of Appellate Procedure 34.5(e). The motion is granted in part. Accordingly, the trial court is directed to conduct a hearing to determine whether accurate copies of the following documents can be produced in a supplemental clerk's record:

> ➢ 2009 and 2010 Audited Financial Statements for Quantlab Trading Partners, LP
>
> ➢ Written agreement between Quantlab Trading Partners US, LP and Quantlab Trading Partners, LP
>
> ➢ David Reynolds' (unredacted) limited partnership agreement for Quantlab Trading Partners US, LP

The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, on or before **June 13, 2014.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Busby and Brown.